## Case No. 11,910.

### ROBERTS v. REED TORPEDO CO.

[3 Fish. Pat. Cas. 629; [1] 3 Brewst. 558.]

Circuit Court, E. D. Pennsylvania. Sept., 1869.

PATENTS—INVENTION — EXPERIMENTS—REDUCTION TO PRACTICE—TORPEDOES.

1. Roberts was the first inventor of the torpedo patented to him April 25, 1865.

2. It is when speculation is reduced to practice, and no longer rests in uncertain experiments, that an invention is made and the inventor is entitled to a patent.

[Cited in Northwestern Fire-Extinguisher Co. v. Philadelphia Fire-Extinguisher Co., Case No. 10,337.]

This was a bill in equity, filed [by Edward A. L. Roberts against the Reed Torpedo Company] to restrain the defendants from infringing letters patent for "improvement in explosive torpedoes in artesian wells," granted to complainant April 25, 1865 [No. 47,458]. The invention consisted in the provision of certain devices to secure the prompt ignition of the powder in a torpedo, designed to be exploded in an artesian well, and also to protect it from water. These devices were, in substance, a small priming chamber between the nipple and the powder, and a tube of India rubber or similar material, which connected the firing device with the top of the torpedo and enclosed the cap and nipple so as to ensure protection from the water in the well. The claims of the patent were as follows: "First. The priming chamber, b, in combination with the flask, plug, and nipple substantially as described. Second. The arrangement of the tube, f, or its equivalent composed of India rubber or other similar material with the guard d, and bolt e, substantially as described in combination with the flask a."

Bakewell & Christy and George Harding, for complainant.

B. F. Lucas, S. A. Purviance, and C. M. Keller, for defendant.

GRIER, Circuit Justice. As I write with difficulty, I can only state conclusions to

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

[Drawing of patent No. 47,458, granted April 25, 1865, to E. A. L. Roberts. Published from the records of the United States patent office.]

which my mind has come after a careful examination of this case.

The complainant has exhibited a patent dated April 25, 1865. This is prima facie evidence of a good title, and puts on the respondents the burden of proof that the patent is void or worthless.

In Goodyear v. Day [Case No. 5,569] I said: "It is usually the case when any valuable discovery is made or any new machinery of great utility has been invented that the attention of the public has been turned to that subject previously, and that many persons have been making researches and experiments. Philosophers and mechanicians may have in some measure anticipated in their speculations the possibility or probability of such discovery or invention; many experiments may have been unsuccessfully tried, coming very near, yet falling short of the desired result. They have produced nothing beneficial. The invention, when perfected, may truly be said to be the culminating point of many experiments, not only by the inventor, but by many others. He may have profited indirectly by the unsuccessful experiments and failures of others, but it gives them no right to claim a shore of the honor or profit of the successful inventor. It is when speculation has been

reduced to practice, when experiment has resulted in discovery, and when that discovery has been perfected by patient and continued experiments, when some new compound, art, manufacture, or machine has been thus produced, which is useful to the public, that the party making it becomes a public benefactor, and entitled to a patent." I adopt these remarks as affording a rule of decision which applies clearly to the present case.

As the infringement of the patent is admitted, the only question will be as to the validity of complainant's patent of April 25, 1865.

It was after speculation had been reduced to practice, and after repeated experiments, that the complainant succeeded in overcoming the prejudice and ignorance of the people on the subject, and persuading the public that his invention was useful; and it was after he had established its great utility and value, and when his genius and patient perseverance, in spite of sneers and scoffs, were completely successful, that Reed, who had before made experiments on the same subject, and was wholly unsuccessful, imagined that he had the best right to the invention, and after purchasing one or more of complainant's torpedoes, he applied on the 1st of November, 1865, for a patent for substantially the same combination of devices for machines contained in complainant's patents. On the 15th of the same month, the respondents formed themselves into a company or corporation called "The Reed Torpedo Company," for the purpose of pirating the complainant's invention and supporting the expense of litigation, and thus defrauding him of its fruits. They have persevered, even after the preliminary injunction very properly granted by the district judge.

Let a decree be entered for complainant for a perpetual injunction, and a master appointed to take an account according to the prayer of the bill.

[For other cases involving this patent, see Roberts v. Schreiber, 2 Fed. 855; Roberts v. Walley, 14 Fed. 167.]